FILED - WESTERN DIVISION
CLERK, U.S. DISTRICT COURT

MAR 20 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| GREGORY K. ADAMSON,<br><br>    Plaintiff,<br><br>v.<br><br>LOS ANGELES COUNTY, et al.,<br><br>    Defendant(s). | No. CV 06-4384-ODW (AGR)<br><br>ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |

Pursuant 28 U.S.C. § 636, the Court has reviewed the entire file de novo, including the magistrate judge's Report and Recommendation. The Court agrees with the recommendation of the magistrate judge.

IT IS ORDERED that Judgment be entered dismissing the Second Amended Complaint with prejudice.

DATED: 3-20-08

_____
OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| GREGORY K. ADAMSON,<br><br>Plaintiff,<br><br>v.<br><br>LOS ANGELES COUNTY, et al.,<br><br>Defendants. | No. CV 06-4384-ODW (AGR)<br><br>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

The Court submits this Report and Recommendation to the Honorable Otis D. Wright II, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California. For the reasons set forth below, the Magistrate Judge recommends that the Second Amended Complaint be dismissed.

///
///
///
///
///
///
///

## I.

## **PROCEDURAL BACKGROUND**

On July 25, 2006, Plaintiff filed a complaint pursuant to 42 U.S.C. §§ 1983 and 1986. On March 13, 2007, the case was transferred to United States Magistrate Judge Alicia G. Rosenberg. On June 15, 2007, pursuant to 28 U.S.C. § 1915(e)(2), the Court screened the complaint to determine whether the action was frivolous or malicious, failed to state a claim on which relief might be granted, or sought monetary relief against a defendant who was immune from such relief.

The Court's screening was governed by the following standards. A complaint may be dismissed for failure to state a claim for two reasons: lack of a cognizable legal theory or insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Since Plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Department*, 839 F.2d 621, 623 (9th Cir. 1988). Moreover, in determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).

After careful review of the complaint under these standards, the Court found it failed to state a claim upon which relief might be granted against any defendant. However, before dismissing a pro se civil rights complaint for failure to state a claim, the plaintiff should be given a statement of the complaint's deficiencies and an opportunity to cure them unless it is absolutely clear the deficiencies cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623-24; *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Accordingly, Plaintiff was given leave to file an amended complaint remedying the deficiencies discussed in the Court's June 15, 2007 Order.

///

On November 13, 2007, Plaintiff filed a first amended complaint, which the Court screened using the same standards described above. By Order dated November 19, 2007, the Court found that the First Amended Complaint failed to state a claim upon which relief might be granted against any defendant. Plaintiff was again given leave to file an amended complaint remedying the deficiencies discussed in the Court's November 19, 2007 Order.

On December 20, 2007, Plaintiff filed a Second Amended Complaint ("SAC"). For the reasons stated below, the Court recommends dismissal of the Second Amended Complaint with prejudice.

II.

**ALLEGATIONS OF THE SECOND AMENDED COMPLAINT**

Plaintiff, an Arizona resident, names as defendants the County of Los Angeles; Lee Baca, Sheriff of the County of Los Angeles; Jeff Jacquet, Los Angeles County Public Defender; Lori Harris, Los Angeles County Public Defender; the City of El Segundo; C.R. Cameron, a police officer for the City of El Segundo; and Orlando Pile, a doctor. All defendants are sued in their individual and official capacities. (SAC at 2-4; SAC, Attachment at 1.)

Plaintiff alleges that he pled guilty and was convicted for carrying a concealed firearm in a vehicle in violation of Cal. Penal Code § 12025(a)(1). (SAC, Attachment at 8 ¶¶ 2-3.) Plaintiff alleges that the gun evidence used against him was unconstitutionally seized from his vehicle.[1] (Id., Attachment at 8 ¶ 4.) Plaintiff also alleges that the evidence used against him consisted of false testimony and withholding of exculpatory evidence at the preliminary hearing. (Id., Attachment at 7 ¶ 4, 8 ¶ 5.) Plaintiff alleges ineffective assistance of counsel claims against his attorneys. (Id., Attachment at 7 ¶¶

---

[1] Plaintiff alleges that he was arrested by El Segundo police initially based on an Arizona bench warrant for failure to appear. Plaintiff contends that the Arizona bench warrant was unlawful because it was signed by the Clerk and not a judge. (SAC, Attachment at 1 ¶ 6.)

6-11.) Plaintiff's alleges that his plea of guilty was result of the unlawful evidence and ineffective assistance of counsel. (*Id.*, Attachment at 7 ¶¶ 5, 7-8, 15.) Plaintiff alleges that he was maliciously prosecuted. (*Id.*, Attachment at 7 ¶¶ 14-15.) Further, at times while in jail, Plaintiff was denied access to a phone to regularly contact his counsel and denied access to a law library. (*Id.* at 5; *Id.*, Attachment at 2 ¶ 1, 4, 6; *Id.*, Attachment at 3 ¶ 4.)

Plaintiff alleges that the length of his incarceration was unconstitutionally excessive. (*Id.*, Attachment at 1 ¶¶ 4-5.) Plaintiff was incarcerated from February 17, 2004 through July 13, 2004. (*Id.*, Attachment at 1 ¶ 1.) Although Plaintiff did not appeal his conviction at the time, Plaintiff's Second Amended Complaint alleges that he now intends to appeal his conviction to avoid the bar of *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). (SAC, Attachment at 1 ¶ 7.)

Plaintiff further alleges that, while at Los Angeles County Jail, Plaintiff received inadequate health care. Plaintiff told Dr. Pile about needing treatment for "previous trauma's and the possible risk of heavy metal poisoning."

Plaintiff alleges ten claims that may be summarized as follows:

**Claim #1.** Plaintiff was denied access to a public defender in a timely manner.

**Claim #2.** Plaintiff's speedy trial rights were violated.

**Claim #3.** Plaintiff was denied access to a phone to find an attorney to represent him in the criminal proceedings and to make regular phone calls to his public defender and "other legal advisors".

**Claim #4.** Plaintiff was denied access to the law library.

**Claim #5.** Plaintiff was denied medical care.

**Claim #6.** Plaintiff believes that his daughter was falsely told Plaintiff had tuberculosis.

**Claim #7.** Plaintiff was required to take a chest x-ray which put him in fear of his life due to the risk of exposure to radiation. Defendants failed to remove bags of infectious waste from his vicinity which terrified Plaintiff. Defendants turned off the air

for approximately one hour, which caused plaintiff to fear that he was going to catch a respiratory disease from other inmates in the same cell.

**Claim #8.** Plaintiff was placed in the tuberculosis section of the Los Angeles County Jail for an unnecessarily long period of time.

**Claim #9.** Malicious prosecution.

**Claim #10.** Plaintiff's criminal conviction violated his Second Amendment right to bear arms.

### III.
### LEGAL STANDARD GOVERNING MOTION TO DISMISS
### PURSUANT TO FED. R. CIV. P. 12(b)(6)

A court may dismiss a claim upon a motion of the defendants or on its own pursuant to Fed. R. Civ. P. 12(b)(6) for "failure to state a claim upon which relief can be granted." *Wong v. Bell*, 642 F.2d 359, 361-62 (9th Cir. 1981). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint and construe the pleading in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S. Ct. 1843, 23 L. Ed. 2d 404 (1969).

However, the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004), *cert. denied*, 544 U.S. 974 (2005). The court is not required to accept as true allegations that are "merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Id.* (citation omitted).

Material that is properly submitted as part of the complaint may be considered on a motion to dismiss, and such material is not "outside" the complaint if the complaint specifically refers to the document(s) and its authenticity is not questioned. *See Branch*

5

*v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994) (citations omitted), *cert. denied*, 512 U.S. 1219 (1994), *overruling on other grounds recognized by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1121 (9th Cir. 2002).

## IV.

## **THE HECK BAR**

Plaintiff's Claims 1-4 and 9-10 are barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id.* at 486-87 (footnote omitted). However, if a court determines that the claim, "even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the [claim] should be allowed to proceed." *Id.* at 487. *Heck* applies to claims brought under both § 1983 and § 1986. *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1097 n.4 (9th Cir. 2004). *Heck* requires dismissal of alleged violations of constitutional rights that impugn a criminal conviction. *See Wallace v. Kato*, 127 S. Ct. 1091, 1098, 166 L. Ed. 2d 973 (2007) (if plaintiff is convicted, "*Heck* will require dismissal").

*Heck* bars Plaintiff's claims even though he has completed his sentence. *Guerrero v. Gates*, 442 F.3d 697, 704-05 (9th Cir. 2006) (fact that plaintiff is no longer in

custody does not lift *Heck's* bar to claims challenging plaintiff's prior convictions); *Nonnette v. Small*, 316 F.3d 872, 876 (9th Cir. 2002) ("a prisoner who has completed his sentence can challenge his *conviction* in habeas corpus because of the collateral consequences that survive his release") (emphasis in original),[2] *cert. denied*, 540 U.S. 1218 (2004). This is true even though the statute of limitations for filing a petition for writ of habeas corpus has expired. *Guerrero*, 442 F.3d at 705 (plaintiff "cannot now use his 'failure timely to pursue habeas remedies' as a shield against the implications of *Heck*"); *Cunningham v. Gates*, 312 F.3d 1148, 1154 n.3 (9th Cir. 2002) ("[w]e decline to hold that [plaintiff's] failure timely to pursue habeas remedies takes his § 1983 claim out of *Heck's* purview"), *cert. denied*, 538 U.S. 960 (2003). Just as in *Guerrero*, Plaintiff did not challenge his conviction by any means, including direct appeal or habeas, prior to filing this lawsuit approximately two years after his release from prison. *See Guerrero*, 442 F.3d at 705.

Plaintiff fails to allege that his criminal conviction was reversed, expunged or invalidated. Claims 1-4 and 9-10 allege conduct "whose unlawfulness would render a conviction or sentence invalid" within the meaning of *Heck*. Plaintiff's allegations necessarily imply the invalidity of his guilty plea, conviction and duration of imprisonment. Plaintiff alleges: (1) his speedy trial rights were violated (Claim 2); (2) the gun evidence that formed the basis of the charges and conviction was unconstitutionally seized from his vehicle (Claim 10); (3) the evidence used against him consisted of false testimony (Claim 9); (4) exculpatory evidence was withheld (Claim 10); (5) ineffective assistance of counsel (Claims 2, 9);[3] (6) he was denied access to a

---

[2] The Ninth Circuit has limited the exception to *Heck*. "*Nonette's* relief from *Heck* 'affects only former prisoners challenging loss of good-time credits, revocation of parole or similar matters,' not challenges to an underlying conviction." *Guerrero*, 442 F.3d at 705 (citing *Nonette*, 316 F.3d at 878 n.7). Plaintiff challenges his underlying conviction and none of the exceptions apply.

[3] To the extent Claim 9 also attempts to state a malicious prosecution claim under state law, Plaintiff cannot allege the required element of a favorable termination of the

phone to regularly call counsel and denied access to a law library (Claims 1, 3, 4);[4] (7) his conviction is unconstitutional under the Second Amendment's right to bear arms (Claim 10); and (8) his incarceration was unconstitutionally excessive in duration. *See Edwards v. Balisok*, 520 U.S. 641, 648, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997) (*Heck* bars claims that necessarily imply invalidity of punishment imposed); *Heck*, 512 U.S. at 479 (barring claim that defendants withheld exculpatory evidence); *Guerrero*, 442 F.3d at 703 (*Heck* bars claims based on wrongful arrest, malicious prosecution, and conspiracy to bring false charges); *Valdez v. Rosenbaum*, 302 F.3d 1039, 1049 (9th Cir. 2002) (*Heck* bars claims based on access to telephone to call attorney), *cert. denied*, 538 U.S. 1047 (2003); *Harvey v. Waldron*, 210 F.3d 1008, 1015-16 (9th Cir. 2000) (*Heck* bars claims alleging illegal search and seizure of evidence upon which criminal charges were based); *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (per curiam) (*Heck* bars claims based on ineffective assistance of counsel).

      Plaintiff attempts to evade the *Heck* bar by alleging that he intends to file an appeal from his criminal conviction. (SAC, Attachment at 1 ¶ 7.) Even assuming that Plaintiff actually files an appeal and that an appeal from a 2004 conviction were to be deemed timely, dismissal without prejudice under *Heck* as to Claims 1-4 and 9-10 remains appropriate. The Supreme Court has left open the question of how much time a plaintiff would have to refile a suit once the *Heck* bar is removed. *Wallace*, 127 S. Ct. at 1099 n.4.

**V.**

---

criminal proceeding in his favor. *See Conrad v. United States*, 447 F.3d 760, 767 (9th Cir. 2006) (malicious prosecution under California law requires termination of the prosecution in the plaintiff's favor).

    [4] Plaintiff attempts to evade the *Heck* bar by alleging that denial of access to the law library in the context of the criminal charges against him would also have prevented him from pursuing a future civil remedy. Plaintiff's allegations are wholly insufficient to state any cognizable claim. *See, e.g., Phillips v. Hust*, 477 F.3d 1070, 1075-76 (9th Cir. 2007).

## V.

## PLAINTIFF'S REMAINING CLAIMS BASED ON INADEQUATE MEDICAL CARE ARE INSUFFICIENT TO STATE A CLAIM AGAINST ANY DEFENDANT

To establish a claim under the Eighth Amendment for inadequate medical care, a plaintiff must allege acts or omissions sufficiently harmful to constitute deliberate indifference to his serious medical needs. See *Helling v. McKinney*, 509 U.S. 25, 32, 113 S. Ct. 2475, 125 L. Ed. 2d 22 (1993); *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed 2d 251 (1976). The test for deliberate indifference consists of two parts. First, a plaintiff must show a "serious medical need" by alleging that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Indications of such a need include "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

Second, a plaintiff must show that a defendant's response to the need was deliberately indifferent. *Id.* This second prong of the test is satisfied when a plaintiff alleges, as to each defendant, (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. *Id.* Deliberate indifference to serious medical needs may be manifested in two ways. "It may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison officials provide medical care." *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

The defendant, however, must purposefully ignore or fail to respond to a plaintiff's pain or serious medical needs. A plaintiff must allege that a defendant had a sufficiently culpable state of mind when he or she refused to provide medical care. *Clement v.*

*Gomez*, 298 F.3d 898, 904 (9th Cir. 2002). A defendant must be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he or she must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). Thus, an inadvertent failure to provide adequate medical care, mere negligence or medical malpractice, a mere delay in medical care (without more), or a difference of opinion over proper medical treatment, are all insufficient to constitute an Eighth Amendment violation. *See Estelle*, 429 U.S. at 105-07; *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir.), *cert. denied*, 519 U.S. 1029 (1996). "[S]tate prison authorities have wide discretion regarding the nature and extent of medical treatment." *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986) (citation omitted).

In Claim 5, Plaintiff alleges that he informed Dr. Pile of his serious medical conditions and "the possible risk of heavy metal poisoning." (SAC, Attachment at 3 ¶ 6.) Plaintiff alleges that Dr. Pile "purposely acted and/or failed to respond to plaintiff's pain and medical needs". Plaintiff alleges that Dr. Pile ordered an x-ray even though sputum testing would have medically cleared Plaintiff of tuberculosis more quickly. (SAC, Attachment at 4 ¶ 7.)

Plaintiff alleges only a difference of opinion about treatment, which is insufficient as a matter of law. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *see Estelle*, 429 U.S. at 107 ("But the question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment" and does not constitute cruel and unusual punishment).

In Claim 7, Plaintiff claims that he was required to have multiple "chest x-rays that put plaintiff at a significant risk of exposure to radiation." (SAC, Attachment at 5 ¶ 1.) Moreover, defendants failed to remove "biohazard" bags of infectious waste in his vicinity. (*Id.* ¶ 6.) The Court's screening orders explained that Plaintiff's conclusory allegations, without more, were insufficient. *See Thompson v. City of Los Angeles*, 885 F.2d 1439, 1447 (9th Cir. 1989) ("the County's interest of diagnosing severe medical

problems to prevent transmission of serious disease among the general jail population is sufficiently compelling to preclude a finding that [x-rays] are unreasonable"); *Crowther v. Seaborg*, 312 F. Supp. 1205, 1228 (D. Colo. 1970) (individual's exposure to radiation in a chest x-ray is minimal). Nevertheless, the Second Amended Complaint does not allege any additional information.

In Claim 8, Plaintiff alleges that he was placed in the tuberculosis section of the jail "for an extensive and unnecessary period of time" due to defendants' failure to screen Plaintiff using sputum testing (although defendants apparently ordered chest x-rays). (SAC, Attachment at 6 ¶¶ 4-5.)  Again, Plaintiff alleges only a different of opinion about treatment, which is legally insufficient. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106; *Ruvalcaba v. City of Los Angeles*, 167 F.3d 514, 525 (9th Cir.), *cert. denied*, 528 U.S. 1003 (1999).[5]

## VI.

## **FURTHER LEAVE TO AMEND SHOULD BE DENIED**

As noted above, Plaintiff has been given two opportunities to amend his complaint to cure any deficiencies identified in the Court's screening orders. Nevertheless, Plaintiff has done little by way of amendment and has not cured the deficiencies. The Court cannot discern any way in which Plaintiff's claims may be successfully amended. *Karim-Panahi*, 839 F.2d at 623-24. Therefore, it is

---

[5] In Claim 6, Plaintiff alleges that he believes defendants informed his daughter that he has tuberculosis. Plaintiff does not state any basis for his belief. There is no basis for a constitutional violation based on this allegation. "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001) (citation and internal quotation marks omitted). Plaintiff's allegation that Defendants communicated the same information to others is conclusory. *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988).

recommended that the Second Amended Complaint be dismissed without leave to amend.

## VII.

## **RECOMMENDATION**

For the reasons discussed above, it is recommended that the District Court issue an Order (1) approving and adopting this Report and Recommendation; and (2) dismissing Claims 1-4 and 9-10 of the Second Amended Complaint without prejudice pursuant to *Heck*; and (3) dismissing Claims 5-8 of the Second Amended Complaint with prejudice.

DATED: January 11, 2008

_____
ALICIA G. ROSENBERG
United States Magistrate Judge

## **NOTICE**

Reports and Recommendations are not appealable to the Court of Appeals, but are subject to the right of any party to file Objections as provided in the Local Rules Governing Duties of Magistrate Judges, and review by the District Judge whose initials appear in the docket number. No Notice of Appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the Judgment of the District Court.